537 A.2d 105

David L. Schreck et al. *v.* North Codorus Township et al. Donald R. Bankert and Gladys M. Bankert, Appellants.

David L. Schreck et al. *v.* North Codorus Township et al. North Codorus Township, Appellant.

Argued November 19, 1987, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Daniel M. Frey, Crabbs, Cashman and Frey,* for appellant/appellee, North Codorus Township.

*James W. Hennessey,* with him, *Joanne Steinke Faul, Sherr & Zuckerman, P.C.,* for appellee, Gordon L. Brown.

OPINION BY JUDGE PALLADINO, February 12, 1988:

Donald K. and Gladys M. Bankert (Bankerts) and North Codorus Township (Township) appeal from an order of the Court of Common Pleas of York County (trial court) which granted Gordon L. Brown's (Brown) petition for reconsideration of his motion for summary judgment and dismissed Brown entirely from the lawsuit.

David and Karen Schreck, James and Julie Reichard, William and Judy Altland and Keith and Laurie Wong (collectively Plaintiffs) in 1980 through 1982 purchased house lots or homes in a subdivision developed by the Bankerts in the Township. Brown, the Township's sewage enforcement officer (SEO), pursuant to the Pennsylvania Sewage Facilities Act[1] and regulations promulgated pursuant thereto,[2] performed the requisite site investigation for on site sewage disposal systems and issued permits for installing such systems on the house lots owned by Plaintiffs. In 1983, the sewage disposal systems began to malfunction.

Plaintiffs, on January 27, 1984, filed a civil action in the trial court against the Township, the Bankerts and Brown, seeking damages for the harm they suffered as a result of the malfunctioning systems. Plaintiffs' action was comprised of a trespass and an assumpsit count against the Bankerts, an assumpsit count against the Township and a trespass count, pursuant to 42 U.S.C. §1983,[3] against Brown. A flurry of pleadings followed. Those relevant to this appeal are the crossclaims made by the Township and the Bankerts against Brown.

Brown filed a motion for summary judgment against the Plaintiffs on September 26, 1985, claiming that he

---

[1] Act of January 24, 1966, P.L. 1535, *as amended,* 35 P.S. §§750.1-750.20.

[2] *See* 25 Pa. Code §§71.1-73.141.

[3] This section states, in pertinent part:

Civil action for deprivation of rights—Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress. . . .

was acting at all times as an agent of the Township and therefore he was immune from liability pursuant to 42 Pa. C. S. §8541 for any damages caused by his alleged negligent conduct. He also asserted that his alleged negligent conduct could not constitute the basis of a federal cause of action under 42 U.S.C. §1983. The trial court denied Brown's motion on November 25, 1985. In its opinion, the trial court noted that Brown was protected by 42 Pa. C. S. §8541 from any state claims in negligence but that his alleged negligence as Township SEO was sufficient to support the federal claim based on 42 U.S.C. §1983.[4]

Subsequently, the Bankerts filed a motion for leave to amend their crossclaim against the Township and Brown in order to clarify their assumpsit claims. On February 6, 1986, the trial court issued a rule to show cause why the Bankerts' motion for leave to amend should not be granted. Prior to any action by the trial court on the Bankerts' motion for leave to amend, Brown filed a petition for reconsideration of his motion for summary judgment based on the United States Supreme Court's decision in *Daniels v. Williams,* 106 S.Ct. 662 (1986) (issued on January 21, 1986).[5]

The trial court granted Brown's petition for reconsideration and dismissed Brown from the lawsuit on Au-

---

[4] One of the requirements of a cause of action based on 42 U.S.C. §1983 against a government employee for deprivation of property without due process is a lack of an adequate state remedy. The availability of the defense of governmental immunity may satisfy this requirement. *See Daniels v. Williams,* 106 S.Ct. 662, 666 n.1 (1986).

[5] In *Daniels,* the Supreme Court held that no cause of action under 42 U.S.C. §1983 had been stated because "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." 106 S.Ct. at 663 (emphasis in original).

gust 20, 1986. In its opinion in support of this order, the trial court held that *Daniels* precluded Plaintiffs' claims of liability under 42 U.S.C. §1983 because they were based solely on allegations of negligence. In a footnote to the opinion, the trial court made the following statement:

> As a result of this Opinion, the Defendant, Gordon L. Brown, will be dismissed from this lawsuit; therefore, this Court will not address the issue [of] whether the Defendants and Additional Defendants have alleged a viable counterclaim in Contract against the Defendant, Gordon L. Brown.

*Shreck v. North Codorus Township* (No. 84-S-277, filed August 20, 1986), slip op. at 3 n. 1. The Bankerts and the Township appealed, contending that the trial court erred in dismissing Brown entirely from the lawsuit.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether the trial court erred as a matter of law or committed a clear abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment is properly granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hall v. Acme Markets, Inc.,* 110 Pa. Commonwealth Ct. 199, 532 A.2d 894 (1987).

Neither the Township nor the Bankerts take issue with the trial court's determination that the alleged negligent actions of Brown do not provide a basis for Plaintiffs' claims against Brown based on 42 U.S.C. §1983 and they do not dispute that Plaintiffs' complaint against Brown was properly dismissed. However, both contend that it was error for the trial court to dismiss Brown from all aspects of the case without determining whether they had stated viable causes of action in their as-

sumpsit crossclaims, particularly since Brown's motion for summary judgment was directed only to Plaintiffs' complaint. We agree.

Brown's original motion for summary judgment states: "Defendant, Gordon L. Brown respectfully requests this Honorable Court to enter Summary Judgment in his favor, and against the Plaintiffs." Our review of Plaintiffs' complaint shows the *only* claim made against Brown was a federal cause of action based on 42 U.S.C. §1983. Plaintiffs' made no trespass claim against Brown based on common law negligence. In fact, in their answer to Brown's motion for summary judgment, Plaintiffs admit to the truth of his statements that he is an authorized agent of the Township and that as an authorized agent of the Township, he is immune to suit for damages under 42 Pa. C. S. §8541.

However, the Township has continually denied that Brown is their authorized agent, claiming instead that he is an agent of the Department of Environmental Resources. Also, the Bankerts, while admitting that Brown is an agent of the Township and that as an agent he is immune to any trespass action based on negligence, contend that if allowed to amend their crossclaim against Brown, they will clarify their assumpsit action to include a claim against him in his individual capacity,[6] as well as in his capacity as a Township employee.

---

[6] Brown in response to the Bankerts' second set of requests for admissions admits that he received checks made payable to Gordon L. Brown, from the Bankerts, on June 19, 1978 and August 10, 1981. The checks contain the notation "perck test." In their brief in support of their motion for leave to amend, the Bankerts state they seek "to include the allegations of a fee being paid to . . . Defendant Brown in his individual capacity for the performance of the perc and probe tests. . . ." Bankerts' brief in support of motion for leave to amend crossclaim at 5-6.

Brown asserts that the issues raised by the Township and the Bankerts are moot. He contends that, as a matter of law, a cause of action does not exist against a township or its sewage enforcement officer based upon breach of warranty. Brown argues that therefore the issue before us is solely the legal issue of whether an SEO may be held liable under a breach of warranty theory for negligently issuing a sewage system permit.

While the legal issue which Brown raises is interesting, and would apparently be one of first impression for an appellate court, we may not consider it. It was not the issue presented to the trial court and was not addressed by the trial court. In fact, the trial court specifically stated it would not address the issue of whether viable assumpsit claims had been alleged against Brown. If these claims do contain viable assumpsit claims against Brown, Brown would not be entitled to judgment as a matter of law.

We conclude that it was a clear abuse of discretion, under the circumstances of this case, for the trial court to dismiss Brown entirely from the lawsuit when the only motion before the trial court was for summary judgment as to Plaintiffs' claims against Brown. Plaintiffs' complaint contained only a federal trespass claim, based on 42 U.S.C. §1983, against Brown. It is not contested that Brown proved as a matter of law that he was entitled to judgment against the Plaintiffs on that claim. However, if Brown desires summary judgment in respect to the assumpsit crossclaims made by the Township and the Bankerts, he must prove there exist no genuine issues of material fact as to these assumpsit claims and that he is entitled to judgment as a matter of law.

Additionally, the Bankerts' motion for leave to amend their crossclaim to clarify their assumpsit complaint against Brown should have been ruled on before

their crossclaim was dismissed. The right to amend must be liberally granted, *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), and amendment should be permitted if there exists a reasonable possibility that a cause of action may be stated. *Mace v. Senior Adult Activities Center,* 282 Pa. Superior Ct. 566, 423 A.2d 390 (1980).

Accordingly, we reverse the order of the trial court insofar as judgment was entered for Brown against the Township and the Bankerts, without prejudice to Brown to file a motion for summary judgment as to their claims against him, and remand for further proceedings consistent with this opinion.

### Order

And Now, February 12, 1988, the order of the Court of Common Pleas of York County in the above-captioned case is reversed insofar as the entry of judgment for Gordon L. Brown against North Codorus Township and Donald R. and Gladys M. Bankert, without prejudice to Brown to file a motion for summary judgment as to their claims against him. The case is remanded for further proceedings in accordance with this opinion.

Jurisdiction relinquished.