487 A.2d 995

ALLEGHENY COUNTY HOUSING AUTHORITY

v.

Charna L. BERRY, April Coleman Blue, Benita Clark, Eva Clark, Rose Elmore, Rose Hill, Lorraine Hughes, Hattie Mae Lipscomb, Josephine Nichols, Twanda Pirl, Sylvia Pitts, Cheryl Poindexter, Rose Mary Reed, Ronald and Toni Reid, Gwendolyn Rowe, Marie Simmons, Ruth Hazel Thomas, Charlene Walker, Victoria Watts and Alicia White, Appellants.

Superior Court of Pennsylvania.

Argued March 1, 1984.

Filed Jan. 25, 1985.

Harry M. Montgomery, Jr., Pittsburgh, for appellants.
Timothy P. O'Brien, Pittsburgh, for appellee.

Before BROSKY, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

Appellants appeal from the denial of their motion for certification of their counterclaim as a class action. In their brief, appellants argue the lower court erred in applying an incorrect legal standard requiring appellants/defendants to state a cause of action and to prove the merits of the counterclaim in deciding the motion for class certification.

This case originated when appellee/plaintiff, Allegheny County Housing Authority (ACHA), filed suit against twenty tenants of the Cochrandale Housing Project for rent due and owing under the Pennsylvania Landlord/Tenant Act. The appellants/defendants counterclaimed alleging a class action and claiming they represent all tenants of eighty-three (83) apartments at Cochrandale Project. The basis for the class action was that the apartments were improperly maintained and not fit for habitation.

An earlier class action suit against ACHA was brought in the U.S. District Court on March 14, 1980, alleging civil

rights violations and failure to maintain Cochrandale in a habitable condition. A court-approved stipulation was entered May 5, 1980, staying any evictions and providing for rents to be placed in an escrow account, 24 of the tenants participating. On September 6, 1981, the stay was lifted by Judge Barron McCune, who allowed eviction action to be taken against tenants who had not paid their rent in escrow pursuant to the stipulation of May 5, 1980. Twenty-three of the twenty-four tenants were behind in their escrow payments and Landlord/Tenant actions were initiated in the Pennsylvania District Magistrate's courts against thirteen tenants on May 26, 1981, resulting in judgments in favor of ACHA for delinquent rent and possession. These tenants and seven additional appealed to the Allegheny County Court of Common Pleas. Thereupon the appellants filed their answer alleging a class action counterclaim. These were consolidated for trial at G.D. 82–00763. On January 22, 1982, upon appellee's motion, the Federal case was dismissed without prejudice; all discovery was preserved.

■ On June 16, 1982, a hearing for class certification was conducted before Judge Silvestri. The court below denied class certification on August 13, 1982 on the basis that common questions of law or fact did not exist. We affirm the findings and Order of the court below.[1]

It is appellants' contention that once the trial court found there were common questions of fact, the inquiry should have ceased, and secondly, in applying a prima facie test (as to the claim) to the second requirement for class certification (commonality), the trial court applied an incorrect legal standard. Appellants misconstrue the trial court's analysis and application of law and by creating a presumptive standard of commonality and certification would eliminate the

1. Appellant has appealed from the denial of its motion for reconsideration (No. 1151 Pittsburgh, 1982). We quash that appeal as a motion for reconsideration is not appealable. *Boden v. Tompkins,* 306 Pa.Super. 494, 452 A.2d 833 (1982). The matters under consideration in this Opinion are contained in appeal No. 01034 Pittsburgh, 1982, which is properly before this Court.

class action "gate" and open the courts to a torrent of class litigation.

Appellants contend the "common question of fact" was that all representatives of the class had a complaint. This is not enough.

■ The common question of fact means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all. This is what gives the class action its legal viability.

■ If, as here, each question of disputed fact has a different origin, a different manner of proof and to which there are different defenses, we cannot consider them to be common questions of fact within the meaning of Pa.R.C.P. 1702. *Ross v. Shawmut Development Corporation,* 460 Pa. 328, 333 A.2d 751, 73 A.L.R.3d 847 (1975). Here, in effect, the trial court found the commonality was that a number of Housing Authority residents had verifiable complaints concerning maintenance of their respective apartments. The appellants would have the trial court stop here. This, standing alone, did not constitute the common question of fact intended by Rule 1702(2) necessary to create the basis for a class action as a matter of law.

A fact is not established simply by its allegation, nor is a denial alone sufficient to rebut that allegation. Without more information to determine the etiology of the claims as they relate to the legal responsibility of the Housing Authority, the basis for the class action could not be determined. This required some evidence, not that required to decide the case on its merits, nor to establish a prima facie case to state a cause of action, but evidence sufficient to establish commonality of legal claim. Some explanation in *this type* of case is essential. "At the certification hearing, the court will have before it the class action allegations in the complaint, the defendants' answer to these allegations, any depositions or admissions relating to these allegations and any testimony relating to these allegations...." 5 *Goodrich Amram* 2d § 1707(c)(1), 127. Thus, it appears

appellants have confused the elements of proof necessary to establish certification with proof of the merits of the case. Even if that assumption were correct, viewing the record and the rationale of the lower court's Opinion, this Court believes that the trial court was correct in finding that the ultimate question of commonality was not established by the appellants. *See Commonwealth v. Cunningham,* 247 Pa.Super. 302, 372 A.2d 473 (1977). The question of commonality appears clear when a significant number of children are born with birth defects when it is established their mothers took a particular medication at a crucial stage of their pregnancies, or when hundreds of people are killed or injured when a walkway collapses in a crowded hotel lobby, or when a savings and loan firm retains an escrow fund without interest to the participants. It is a far more difficult task to establish commonality when disparate, questionable and personal allegations are coalesced in an attempt to establish a common question of fact or law.

■ In the different circumstances, different levels of evidence are necessary to establish commonality—one requiring less, the other requiring more, the one not indicative of the merits, the other appearing to approach the merits of individual cases. The burden of proof in a class certification proceeding is upon the party seeking certification. *Scott v. Adal Corporation,* 276 Pa.Super. 459, 419 A.2d 548 (1980); *Haft v. U.S. Steel Corporation,* 305 Pa.Super. 109, 451 A.2d 445 (1982). There will normally be no common question of fact if the proof for each member would be different. *See Ross v. Shawmut, supra* and *Korn v. Avis-Rent-A-Car System, Inc.,* 8 Pa.D. & C.3d 655 (1977), *aff'd per curiam,* 254 Pa.Super. 621, 387 A.2d 119 (1978).

■ Here, the tenants allege that the common issue of fact or law is the uninhabitability of the dwellings. In each case there would need to be a different proof as to whether the condition was breach by the landlord, tenant negligence, third party vandalism or negligence, or failure by the tenant to give notice of the condition complained of. A careful review of the record and the exhaustive and complete

summarization of the testimony and evidence in the Opinion of the trial court, illustrates clearly that the common questions of fact requirement, as tested by the appellee's rebuttal, failed to establish the burden imposed by *Scott v. Adal, supra*. To the extent there were common questions of fact, they do not satisfy the requirement of predominance stated in Rule 1708.

Rule 1708, Criteria for Certification, ... provides: ... c) Where both monetary and other relief is sought, the court shall consider all the criteria in both subdivisions (a) and (b).

Pa.R.C.P. 1708(a)(1) provides:

(a)(1) *whether common questions of law or fact predominate over any question affecting only individual members,* ... (emphasis added)

Appellants ignore this consideration of Rule 1708 entirely, although it would appear to be critically appropriate to the resolution of these matters. The question posed by 1708(a)(1) must be answered in the negative. The common questions of law or fact *do not* predominate over any question affecting only individual members. This is where *Pugh v. Holmes*, 486 Pa. 272, 405 A.2d 897 (1979) must be considered, as it delineates the test to establish the implied warranty of habitability upon which appellants rely here.

The instant case originated as an eviction proceeding based upon rent retention or withholding by the appellants, which failed because of failure to proceed in a legal manner. Upon the attempt by the appellee to collect or evict for nonpayment of rent, the appellants converted their protest into a class action counterclaim to avoid payment of rent or eviction.

As pointed out in the lower court Opinion, the brief of appellee and court record, there was no basis for rent withholding in any of the cases as the Authority either had corrected the defect in the period required by law, or had not been properly notified of the defect so as to trigger its obligation to repair. Appellants now allege the common

fact that appellee failed to suitably maintain the housing in a fit and habitable condition. While it is true the Rent Withholding Act[2] does not abrogate the common law right to pursue other actions as to habitability, *Pugh, supra,* and the trial court fully recognized this, it nonetheless is important to acknowledge that the issue is habitability and an attempt in some manner to resolve a monetary issue. For this reason, Rule 1708(c) requiring the test prescribed by 1708(a)(1) cannot be ignored.

The appellants state Rules 1708, 1709 detail the means by which the requirements of Rule 1702 should be judged—(4) the representatives will fairly and adequately assert and protect the interests of the class, (5) a class action provides a fair and efficient method for adjudication of the controversy. As such, Rule 1708(a)(1) permits a finding that if a common question of law or fact exists, but *does not* predominate over questions affecting only individual members, a class action may not be a fair and efficient method of adjudicating the controversy.

If the issue is whether a common question of law or fact is established, despite evidence of individual claims and defenses, the appellants err in refusing to consider that the common question does not predominate over questions affecting only individual members. This is the thrust of appellee's argument which has been ignored by the appellants—that the claims of the individual members might collectively and superficially appear to be common questions, whereas in reality, they are individual and distinguishable issues which can only be tried separately and thus, are not appropriate for a class certification. In a syllogistic phrase, the common question of fact as a matter of law does not exist, therefore, the fast and efficient method of resolving this dispute, contemplated by a class action, does not exist, ergo, certification as a class action is inappropriate.

2. Rent Withholding Act, Act of January 24, 1966, P.L. 1534, *as amended,* 35 P.S. § 1700–1 (1977).

Finally, the appellants make too much of the holding in the trial court's Opinion, "There must be evidence which prima facie establishes a claim in order to make a determination of the common questions of fact or law." Appellants would take this to mean that the trial judge required the showing of a prima facie case stating a cause of action, or evidence on which they could prevail on the merits of the claim. In *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 405, 319 A.2d 677, 678 (1974), the Court states:

> Whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits. (citations omitted).

In that case, the court was ruling on whether or not an appeal would lie from the *grant* of certification of the class. In finding that an appeal did not lie, the court ruled that the act of certification was interlocutory, not a ruling on the merits of the claim, and not even necessarily a showing of an existence of a cause of action, and therefore, not appealable. The court in *Piltzer* then went on to say:

> No statute exists authorizing an appeal from an order permitting a class action to proceed.[3] (See footnote 3 below.)

*Id.* 319 A.2d at 678. This does not mean that the court would not be required to accept evidence to establish the existence of the class, hence a prima facie showing of that fact.

■ The lower court properly took testimony and reviewed depositions to determine if the claim of the class action was supported. In doing so, it necessarily had to rely on the substantive law as to habitability, particularly as delineated by *Pugh v. Holmes, supra. Pugh* was a rent

3. Footnote 3 to the above quote cites the following:
   [3] *E.g.*, Act of February 14, 1866, P.L. 28 § 1, 12 P.S. § 1101 (1953); Act of June 12, 1879, P.L. 177, § 1, 12 P.S. § 1102 (1953). See generally Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. V, § 501(a), 17 P.S. § 211.501(a) (Supp.1973).
   *Piltzer, supra* 319 A.2d at 678.

withholding case and the issue there turned on the implied warranty of habitability, which the court found, for the first time, derivative of the findings of *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972), which established a similar implied warranty vis a vis buyers and vendors/builders.

■ There is no claim if the facts do not warrant a finding that within the parameters of *Pugh*, breach of the implied warranty of habitability has not occurred. If there is no viable claim, regardless of the number of persons who have a complaint, a class does not exist to be certified.

*Pugh* provides as follows:

> In order to constitute a breach of the warranty the defect must be of a nature and kind which will prevent the use of the dwelling for its intended purpose to provide premises fit for habitation by its dwellers. ... [T]here is no obligation on the part of the landlord to supply a perfect or aesthetically pleasing dwelling. *Pugh v. Holmes*, [253 Pa.Super. 76], 384 A.2d [1234] at 1240 [1978] [Pa.Superior Court] 'Materiality of the breach is a question of fact to be decided by the trier of fact on a case-by-case basis.' *Id.* ...
>
> .  .  .  .  .
>
> ... [T]o assert a breach of the implied warranty of habitability, a tenant must prove he or she gave notice to the landlord of the defect or condition, that he (the landlord) had a reasonable opportunity to make the necessary repairs, and that he failed to do so. 253 Pa.Superior Ct. 88, 384 A.2d at 1241.

*Pugh, supra,* 486 Pa. at 289–290, 405 A.2d at 905.

The appellants would permit evidence of alleged breach to be submitted by the representatives of the class, but would deny the fundamental right to rebut the allegations to test whether or not they, in fact, exist. This was not the intention of *Piltzer*. If this were the case, in *Ross v. Shawmut, supra,* the court could not have denied class certification to lessees with option to buy, (as contained in

the lease), when evidence was presented at the certification hearing that each lessee had different representations made to him. Nor could the court have sustained the denial of class certification in *Korn v. Avis, supra* if the defendant in that case was not permitted to refute the claim by showing that each claimant would be required to show an individual contractual basis for his claim. Numerous other cases can be cited to buttress this point.

We believe the trial court adequately considered the relevant evidence, applied the law in an appropriate manner, and cognizant of our limitations on appellate review, we find no basis in law or fact to reverse, as the class proponents have failed to carry their burden establishing the basis for class certification. *Janicik v. The Prudential Insurance Company of America,* 305 Pa.Super. 120, 451 A.2d 451 (1982).

For the reasons stated in footnote 1, we quash the appeal from the order denying reconsideration at No. 1151 Pittsburgh, 1982. We affirm the order of the court below denying the motion to certify the class.