## Johnson v. Grand Cru Property One
## Limited Partnership

C.P. of Montgomery County, no. 98-20864.

*Thomas More Marrone,* for plaintiff.

*Mark J. Hill,* for defendant Energy Management Systems.

*Mary E. Kohart,* for defendant NHP Management Co.

*Alan C. Gershenson,* for defendant Grand Cru Property One.

CARPENTER, *J.*, October 30, 2000—

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Joanna Johnson, seeks class certification to represent people consisting of former and current tenants at Lynnewood Gardens apartments. The claim arises from an electrical service shutoff or discontinuance by one or more of the defendants for reasons other than accident, emergency, repairs or changes, with respect to dwelling units at Lynnewood Gardens. Lynnewood Gardens is an apartment complex located in Elkins Park, Pennsylvania. Ms. Johnson, a former tenant, individually and on the behalf of those similarly situated seeks damages and equitable relief for defendant's shutoff or discontinuance of electrical service in the apartment complex. In part, the plaintiff relies on a Cheltenham Township ordinance, Cheltenham Code, chapter 167, §167-5.E, that prohibits electrical shutoff for nonpayment of service. Further, she relies on the rental lease that states "electrical service can only be stopped . . . because of accident, emergency, repairs or changes until the work is complete."

The electrical shutoff that the plaintiff complains of occurred in April of 1998. The electric service was not billed individually, rather it was combined into the monthly rent for each tenant. Tenants were made aware that electrical service could only be reinstated if the outstanding balance, in addition to a late charge, was paid in full.

Procedurally, on March 26, 1999, the plaintiff filed a fourth amended complaint for breach of contract, breach

of warranty of habitability, breach of covenant of quiet enjoyment, negligence, negligence per se, negligent misrepresentation and/or fraud, violations of Pennsylvania Consumer Protection Law, and breach of the property management agreement and named EMS as a third party beneficiary. Moreover, the plaintiff requested certification of this action as a class action. The defendants filed preliminary objections to the fourth amended complaint with support briefs. After oral argument, and an individual review of the record, the court overruled all preliminary objections filed by the defendants. Plaintiff then moved for class certification. Briefs were submitted by plaintiff and defendant NHP on behalf of all defendants, and oral argument was heard by this court on September 15, 2000. The instant opinion follows this court's decision granting certification.

## FINDINGS OF FACT

(1) Plaintiff Joanna Johnson signed a lease agreement, that is the basis for this claim as tenant and resident of Lynnewood Gardens apartment complex, located in Elkins Park, Pennsylvania, on June 2, 1997.

(2) Plaintiff Joanna Johnson has been a tenant at Lynnewood Gardens since April 15, 1994, pursuant to successive lease agreements.

(3) Defendant Grand Cru is the current owner of Lynnewood Gardens. Grand Cru has owned and operated the Lynnewood Gardens apartments, and the dwelling unit leased by plaintiff, since October of 1997.

(4) Defendant NHP was the manager of the Lynnewood Gardens apartment complex pursuant to a prop-

erty management agreement. Defendant NHP was an agent/servant and/or employee of Grand Cru.

(5) Defendant EMS managed the provision of electrical service for the dwelling units occupied by tenants and/or residents of Lynnewood Gardens apartments, pursuant to an agreement between receiver and contractor (EMS agreement). At all times EMS was an agent, servant and/or employee of defendants Grand Cru.

(6) Under the terms of the residential lease agreement, the electrical service was charged as added rent and combined with each tenants' monthly rent responsibility.

(7) The lease agreement does not confer upon the defendants the right to shut off or discontinue electrical service to the plaintiff or any other tenant. The defendants may stop electrical service for reasons such as accident, emergency, repairs or changes, or until that work is complete.

(8) On April 13, 1998, the defendants shut off or discontinued the electrical service to the plaintiff's leased apartment dwelling.

(9) Plaintiff has produced sufficient evidence to show that the putative class also had their electrical service shut off or discontinued.

(10) Plaintiff has alleged causes of action for breach of contract, breach of warranty of habitability, breach of the covenant of quiet enjoyment, negligence, negligence per se, negligent misrepresentations and/or fraud, and violations of the consumer protection laws.

(11) Plaintiff has produced evidence indicating knowledge of the defendants that a Cheltenham ordinance ex-

isted prohibiting them from ceasing electrical service for nonpayment.

(12) No testimony was offered by either party at the evidentiary hearing.

## ISSUE

I. *Has Plaintiff Satisfied All Requirements Mandated by the Pennsylvania Rules of Civil Procedure Pertaining to Class Certification?*

## DISCUSSION

I. *Plaintiff Has Satisfied All the Requirements Pertaining to Class Certification According to the Pennsylvania Rules of Civil Procedure*

Rule 1702 of the Pennsylvania Rules of Civil Procedure defines the "prerequisites to a class action" in pertinent part as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

"(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708." Pa.R.C.P. §1702.

The burden of proof regarding the satisfaction of Rule 1702 rests upon the party seeking certification. *Allegheny County Housing Authority v. Berry,* 338 Pa. Super. 338, 343, 487 A.2d 995, 998 (1985).

After the pleadings have been closed, the court will conduct an evidentiary hearing, limited to the class action allegations, for the purposes of determining whether to certify the action as a class action. The court will consider all relevant testimony, depositions, admissions, and other evidence pursuant to Pa.R.C.P. 1707. The hearing's sole purpose is to determine whether the action meets the class certification requirements, and nothing more. Pa.R.C.P. 1707(c). The worth of the plaintiff's claim and the right of recovery are not considered at the proceeding. See explanatory note 1977. The subsequent court decision is a finding based on a mixture of law and fact, and will not be upset on appeal absent an abuse of judicial discretion. *Cribb v. United Health Clubs Inc.,* 336 Pa. Super. 479, 485 A.2d 1182 (1984).

Defendants primarily contend that class certification is inappropriate since the commonality and adequate representation elements were not satisfied. This court, however, concludes that the plaintiff has properly satisfied the requirements of Rule 1702(2) and (4) pertaining to "commonality," and "fair and adequate representation," in addition to the "numerosity," "typicality," and "fair and efficient adjudication" requirements. See Pa.R.C.P. 1702(1), (3), (5).

## A. Plaintiff's Claims for Breach of Consumer Fraud, Fraud and Negligent Misrepresentation, Breach of Warranty of Habitability and Quiet Enjoyment Meet the Commonality Requirement

According to Pa.R.C.P. 1702(2), commonality requires that facts involved are substantially the same so that proof as to one member of the class is proof as to all members. Each question must have the same origin and the same manners of proof to be considered common questions of fact. See *Allegheny County Housing Authority v. Berry,* 338 Pa. Super. 338, 342, 487 A.2d 995, 997 (1985). However, this requirement does not preclude the existence of differing individual questions of fact within the class. See *Klenhow v. Time Inc.,* 466 Pa. 189, 352 A.2d 12 (1976). The burden of the plaintiff is still met as long as there are a predominance of common issues shared by all class members. *Id.* Further, common questions generally exist when the class members' legal grievances arise out of the class opponents' same practice or course of conduct. See *Janicik v. Prudential Insurance Company of America,* 305 Pa. Super. 120, 126, 451 A.2d 451, 454 (1982).

The plaintiff has provided sufficient evidence to establish that common issues of law or fact predominate, and the action should be class certified. To begin, the plaintiff's claim is based on the defendants' act of shutting off all their electric service in April of 1998, and the demand of payment thereafter. Further, the claim is based on the misrepresentation by the defendants that they were legally entitled to discontinue service, and charge late fees and penalties to have it reinstated when a Chelten-

ham Township ordinance expressly states the contrary. Cheltenham Code, chapter 167, §167-5.E, provides as follows:

"No owner, operator or occupant shall cause any service, facility, equipment or utility which is required under this chapter to be removed from or shut off from or discontinued for any occupied dwelling let or occupied by him, except for such temporary interruption which may be necessary while actual repairs or alterations are in process or during temporary emergencies when discontinuance of service is approved by the health officer."

These are questions of law and fact that are common to all members of the class. Further, the plaintiff cites 23 issues in her brief that if proved for one member of the class, they are proved to all members of the class.

Instantly, the defendants' initial contention is that the plaintiff's claim for fraud and violations of the consumer protection laws are not common to the class. They argue that specific questions regarding reliance issues exist for each plaintiff that require individualized testimony. However, plaintiff responds, and this court finds as true, that reliance need not be proven here. Rather, reliance is implicit in the fiduciary relationship that existed between plaintiff and defendants. In *Basile v. H & R Block Inc.,* 729 A.2d 574 (Pa. Super. 1999), plaintiffs were certified in an action for fraud, negligent misrepresentation, and consumer protection violations. There, our Superior Court found reliance need not be proven on an individualized basis considering the fiduciary relationship that existed between the parties. Specifically, the defendants failed to disclose that a "rapid refund" program was actually a short term, high interest loan. Further, the court

stated that reliance was implicit and established by operation of law since the defendants were bound by a fiduciary duty. *Id.* Therefore, the parties' relationship made the reliance element insignificant.

Here, the same type of relationship exists between plaintiffs and defendants. The class members and defendants were bound by a lease agreement that provided for electric services as added rent. As beneficiaries of the agreement, defendants were bound by law to provide electrical service regardless of default on payment. As the *Basile* court ruled, this relationship implicitly establishes the plaintiffs' reliance. Therefore, individualized testimony will not be required to prove reliance. The class members will make the same manner of proof, that if taken as true will be proof for one and for all of the proposed class. Thus, class certification is appropriate for the claims of fraud, misrepresentation, and consumer protection violations.

Next, defendants contend the claim for breach of warranty of habitability and quiet enjoyment should not be certified since there are a number of individualized issues. However, the defendants' two arguments reach the merits of the case, which will not be decided here. The current responsibility of this court is solely to determine certification and nothing else. See Pa.R.C.P. 1707. Further, "common questions will generally exist if the class members' legal grievances arise out of the 'same practice or course of conduct' on the part of the opponent." *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 133, 451 A.2d 451, 457 (1982). Since both of these claims arise out of the allegedly illegal conduct of the defendants' deprivation of electrical service, classwide analysis is proper.

## B. Plaintiff Is An Appropriate Class Representative and Does Not Have a Conflict of Interest With Other Class Members

Defendants next contend that the plaintiff may have a conflict of interest with the remainder of the class to be certified. However, according to *Janicik,* courts have presumed a lack of a conflict of interest unless it has been demonstrated otherwise. *Id.* at 136, 451 A.2d at 459. The defendants have failed to show how the plaintiff has an interest contrary to that of the entire class. The defendants speculate as to billing preferences of the tenants in an attempt to differentiate the class. Specifically, that the class action could result in more, expensive late fees charged to certain class members in lieu of the previous late fees and turn-on fees already paid. The plaintiff responds, stating that the defendants cannot violate the lease agreement, and then later invoke it to protect their position. See *West Development Group Ltd. v. Horizon Financial F.A.,* 405 Pa. Super. 190, 198, 592 A.2d 72, 76 (1991). However, the defendants have failed to support their argument with any legal authority. Therefore, this court is not persuaded by defendants' argument. Thus, the plaintiff does not have a conflict of interest and does properly represent the interest of the entire class.

## CONCLUSIONS OF LAW

(1) The plaintiff has met all the requirements for class certification.

(2) Class certification is appropriate in this case as all claims raised by plaintiff.

## CONCLUSION

Based on the foregoing analysis, it is hereby ordered and decreed that the plaintiff's motion for class certification is granted.

## ORDER

And now, October 30, 2000, upon consideration of plaintiff's motion for class certification, and any response thereto, and after a hearing and argument, it is hereby ordered that plaintiff's motion is granted. This action is hereby certified as a class action. The class shall consist of:

"All present and former tenants and residents of dwelling units at the Lynnewood Gardens apartments (a) who had electrical service shut off or discontinued by one or more of the defendants for any reason other than by accident, or for emergency, repairs, or changes, and/or (b) who paid a 'late charge' with respect to electrical service to a dwelling unit at Lynnewood Gardens."