Sandra BASILE, on behalf of herself and all others similarly situated, Appellants,

v.

H & R BLOCK, INC., and H & R Block Eastern Tax Services, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Sept. 7, 2005.

Filed March 1, 2006.

Steven E. Angstreich, Philadelphia, for appellants.

William H. Lamb, West Chester, for appellees.

BEFORE: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, TODD, McCAFFERY and PANELLA, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Sandra J. Basile ("Basile"), the representative of a class of plaintiffs (collectively "Appellants") in a class-action suit against H & R Block, Inc., ("Block"), and H & R Block Eastern Tax Services, Inc., ("Block Tax Services") (collectively "Appellees"), appeal from the Order entered on January 21, 2004, which decertified the plaintiff class. On appeal, Appellants contend that the trial court abused its discretion when it decertified the class.

¶ 2 The lengthy history of this case was set forth in relevant part by this Court in *Basile v. H & R Block, Inc.*, 777 A.2d 95 (Pa.Super.2001) (*Basile IV*), as follows:

Between 1990 and 1993, ... [Basile] and Laura Clavin ["Clavin"] retained Block to prepare their federal and state income tax returns and obtain tax refunds from the Internal Revenue Service. Subsequently, Basile and Clavin filed a class action complaint, alleging that during the tax preparation process Block enlisted their participation in its "Rapid Refund" service and did not disclose that their "rapid refunds" were, in fact, short-term, high-interest loans (loans) secured by the taxpayers' pending refunds. [Appellants] alleged further that Block shared in the interest and fees collected on the loans but did not apprise them of its financial interest. [Appellants] contend[ed], accordingly, that Block secured their participation in the "Rapid Refund" service on the basis of false pretense, as a consequence of which they paid interest ranging from a low of 32% to a high of 151%, based on the amount of the loan. Accordingly, [Appellants] asserted causes of action for [v]iolation of the Truth in Lending Act, 15 U.S.C. § 1638; [f]raud; [n]egligent [m]isrepresentation; [v]iolation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201–2 through 201–9.2 (UTPCPL); [v]iolation of the Delaware Legal Rate of Interest, 6 Del.Code § 2301(a); and [b]reach of [f]iduciary [d]uty. In support of their assertion of fiduciary duty, [Appellants] alleged that their relationship with Block was confidential in nature, and/or that Block had acted as an agent in preparing their tax returns and obtaining their "rapid refunds."

Subsequently, Block and co-defendant Mellon Bank, N.A., served notice of removal of the case to the United States District Court for the Eastern District of Pennsylvania ... on the basis of federal diversity jurisdiction. The federal court dismissed [Appellants'] Truth in Lending and interest rate claims and remanded the matter to the Court of

Common Pleas for disposition of [Appellants' remaining] state law claims. *See Basile v. H & R Block, Inc.*, 897 F.Supp. 194, 199 (E.D.Pa.1995) (*Basile I* ). In state court, [Appellants] requested class action certification. [In an Order dated January 17, 1996, the trial court indicated that it will assume an agency relationship in considering the Motion for certification.] The court denied certification of [Appellants'] fraud, misrepresentation, and UTPCPL claims, but granted certification of their claim of breach of fiduciary duty. The court delineated the class as:

All Pennsylvania residents who, while having their tax returns prepared by Block, applied for and received a "Rapid Refund" of their federal tax refund during the years 1990 through 1993 through Block's Rapid Refund Anticipation Loan ["RAL"] Program at Block's offices or places of business located in the Commonwealth of Pennsylvania.

Order of Court, 5/30/97, at 2. The court certified [Basile] as class representative, but declined to so certify [Clavin], concluding that Clavin, as [an] employee of class counsel, was subject to a conflict of interest.

Subsequently, [Appellants] and Block filed cross-motions for summary judgment. Block challenged [Appellants'] fiduciary duty claim, asserting that the evidence failed to establish either an agency or confidential relationship between the parties. The court granted Block's motion and denied [Appellants'] cross-motion, concluding, *inter alia*, that "the extent of [Basile's] contact with Block during the preparation and filing of her tax returns speaks to the lack of confidential relationship defined by law." Memorandum Opinion and Order, 12/31/97, at 7. [Appellants] appealed from the court's order granting summary judgment on their claim of breach of fiduciary duty, as well as from certain provisions of the prior class certification order. [Appellees filed a cross-appeal.] We addressed [Appellant's] appeal, as well as a cross-appeal filed by Block and Mellon, and rendered an Opinion in *Basile v. H & R Block, Inc.*, 1999 PA Super 44, 729 A.2d 574 (Pa.Super.1999) (*Basile II* ). We determined that evidence adduced by [Appellants] in discovery established an agency relationship between [Appellants] and Block as a matter of law, as a consequence of which Block owed all members of the plaintiff class a fiduciary duty extending to all matters within the scope of the tax preparer-taxpayer relationship. *See id.* at 582. Accordingly, we concluded that the trial court had abused its discretion in granting Block's motion for summary judgment and remanded the matter to the trial court for consideration of issues of fact. *See id.* We concluded also that the court had erred in refusing to certify [Appellants'] UTPCPL claims to proceed as a component of the class action. *See id.* at 584. We did not address [Appellants'] assertion that Block owed members of the plaintiff class a fiduciary duty arising from a confidential relationship.

Thereafter, Block sought review of our decision in the Supreme Court of Pennsylvania, limited to the issue of whether Block owed a fiduciary duty to the members of the plaintiff class by reason of an agency relationship. The Supreme Court granted allowance of appeal limited to the issue of "the propriety of the Superior Court's conclusion that an agency relationship existed between [the plaintiff class] and Block such that [the plaintiff class] may pursue a claim that Block breached its fiduciary duties to them." *Basile v. H & R Block,*

*Inc.,* [563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000) ] (*Basile III* ). Upon review, [our] Supreme Court found that "the pleadings here do not establish an agency relationship," *id.* at 1121, and held as a matter of law that "Block was not acting as [Appellants'] agent in the RAL [loan] transactions, such that they were subject to a heightened, fiduciary duty." *Id.* Accordingly, the Court vacated our order and remanded the matter for consideration of [Appellants'] alternative argument that "even if a principal-agent relationship did not exist, Block owed [Appellants] a fiduciary duty as a result of a confidential relationship." *Id.* at 1122. The Court directed that we consider the confidential relationship issue "in the first instance." *See id.* at 1123. *Basile IV,* 777 A.2d at 98–100.

¶ 3 On remand, a panel of this Court concluded that Appellants presented sufficient *prima facie* evidence of a confidential relationship between themselves and Appellees to establish a fiduciary duty. Accordingly, the panel reversed the grant of summary judgment in favor of Appellees, and remanded the case to the trial court with the directive that if Appellants succeeded in demonstrating to the fact-finder a confidential relationship, Appellees would be bound by a corresponding fiduciary duty as a matter of law. *See Basile IV,* 777 A.2d at 103, 107.

¶ 4 Following remand, the trial court permitted Appellees to file a Motion to decertify the class. The trial court established a briefing schedule, and conducted oral argument on the decertification Motion. Thereafter, Appellants contend that the trial court scheduled, *sua sponte,* a settlement conference, at which the trial court recommended that Appellants accept a $10 million dollar settlement offer from Appellees. Appellants refused the settlement offer.

¶ 5 On January 12, 2004, Appellants filed a Motion for recusal of the trial judge. The trial court did not rule on the recusal Motion, but, instead, on January 21, 2004, filed an Order granting Appellees' Motion to decertify the class. Appellants filed a Notice of appeal to this Court.[1] The trial court did not order Appellants to file a Pennsylvania Rule of Appellate Procedure 1925(b) Statement. However, on March 21, 2004, the trial court authored an Opinion in support of its decertification Order.

¶ 6 Appellants present the following issues for our review:

1.  Whether, in light of the Superior Court's reversal of [the] denial of class certification on [Appellants'] UTPCPL claims and the reversal of [the] grant of summary judgment, and after a merits analysis, and in the absence of the presentation of any new facts or law, the trial court abused its discretion in permitting [Appellees] to file a Motion for Decertification.

2.  Whether the trial court erred in granting [Appellees'] Motion for Decertification in light of the Superior Court's finding that the evidence presented before the trial court "was sufficient to establish, *prima facie,* the elements of a confidential relationship between the parties in this

---

1.  We note that, as a jurisdictional matter, this appeal is properly before us. An order denying class certification is an appealable collateral order. *DiLucido v. Terminix International,* 450 Pa.Super. 393, 676 A.2d 1237 (1996). An order decertifying a class has the same practical effect as an order denying class certification, *i.e.,* putting class members with small claims out of court. Thus, we consider the order on appeal decertifying the class to be an appealable collateral order.

case," and in light of the Supreme Court's subsequent denial of [Appellees'] Petition for Allowance of Appeal, and since [Appellees] failed to present any new facts or law.

3. Whether the trial court erred in not following the mandate of the Superior Court which required the certification of [Appellants'] UTPCPL claims consistent with its opinion at [*Basile II* ] and [*Basile IV* ].

4. Whether the trial court erred in its application of *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412 (1981) by requiring the finding of both overmastering influence *and* weakness, dependence or trust, justifiably reposed.

5. Whether on reversal and remand, this matter should be reassigned to a different trial court judge.

Substitute Brief for Appellants on Reargument at 4.

■ ¶ 7 Appellants first argue that the trial court should not have entertained Appellees' Motion to decertify the class on remand. We are constrained to agree. Block waived its challenge to the class certification by failing to challenge the Order granting certification during its cross-appeal.

■ ¶ 8 We have long held that orders granting class certification are interlocutory. *Allegheny County Housing Authority v. Berry*, 338 Pa.Super. 338, 487 A.2d 995, 999 (1985). However, interlocutory orders that are not subject to immediate appeal as of right may be reviewed on a subsequent timely appeal of a final appealable order or judgment in the case. *Ste-*

*phens v. Messick*, 799 A.2d 793, 798 (Pa.Super.2002); *see also Bird Hill Farms, Inc. v. United States Cargo & Courier Service, Inc.*, 845 A.2d 900, 903 (Pa.Super.2004) (stating that "[o]nce an appeal is filed from a final order, all prior interlocutory orders are subject to review"). Accordingly, interlocutory orders granting class certification become reviewable on appeal after the trial court grants an appealable motion for summary judgment. *See Gersenson v. Pennsylvania Life and Health Insurance Guaranty Association*, 729 A.2d 1191 (Pa.Super.1999) (addressing an appeal from the trial court's orders denying a class-action defendant's motion for summary judgment and granting the class-action plaintiffs' motion for summary judgment, and addressing previous interlocutory order granting class certification).

¶ 9 Applying the above cited caselaw to the facts of this case, we conclude that the May 1997 interlocutory Order of the trial court, that granted class certification, became appealable when the trial court granted summary judgment in December 1997. The record reflects that Appellants appealed the trial court's Order granting summary judgment to this Court. The record further reflects that Appellees filed a cross-appeal to this Court. *Basile II*, 729 A.2d at 579.[2] However, in the cross-appeal, Appellees only challenged the trial court's January 1996 Order that assumed an agency relationship in considering the class certification. Thus, although presented with the opportunity to do so, Appellees failed to challenge the May 1997 Order granting class certification, and thereby waived subsequent challenges to that Order. *See Bird Hill Farms, Inc.,*

---

**2.** In its brief to this Court, Appellees contend that they could not have appealed from the Order granting summary judgment because they were not an aggrieved party. However, this argument is disingenuous as the record plainly indicates that Appellees indeed filed a cross-appeal after the entry of summary judgment in their favor, yet failed to challenge in their cross-appeal the Order certifying the class.

845 A.2d at 903. Therefore, the trial court erred in granting Appellees' Motion to decertify the class. Accordingly, we must reverse the Order decertifying the class and remand the case for further proceedings.

■ ¶ 10 Because we have held that the trial court improperly decertified the class in this matter, we need not review the remaining issues raised by Appellants. However, we will address the final issue presented by Appellants wherein they ask that, upon reversal of the decertification Order and remand to the trial court, this matter be reassigned to a different trial judge.

¶ 11 Upon review, Appellants have not established that the trial judge's actions merit an order to the trial judge to recuse. Nevertheless, we note that two previous decisions of the trial court in this case have been reversed on appeal. This fact alone does not establish partiality, bias or prejudice on the part of the trial judge. However, it might be appropriate upon remand for this case to be assigned to a different judge. Accordingly, our ruling does not preclude Appellants from filing a Motion for recusal.

¶ 12 Order reversed; case remanded; jurisdiction relinquished.

¶ 13 Judge STEVENS joins the majority in part and files a concurring opinion, which Judge PANELLA has also joined.

¶ 14 Judge LALLY–GREEN files a dissenting statement in which President Judge DEL SOLE and Judge ORIE MELVIN join.

CONCURRING OPINION BY
STEVENS, J.:

¶ 1 I join in the well reasoned Majority decision except for the portion of the opinion relating to suggesting the matter be assigned to a different trial judge.

¶ 2 The Majority concludes there is no "partiality, bias or prejudice on the part of the trial judge." Majority opinion at 791. Yet the Majority states "...it might be appropriate upon remand for this case to be assigned to a different judge."

¶ 3 Absent a showing of partiality, bias or prejudice in the record, I do not agree that our court should recommend, suggest or order that a different trial judge be assigned.

¶ 4 While the Majority in the within case merely "recommends" a different trial judge upon remand, it is becoming a disturbing practice on our court to suggest and in some cases even order that a different trial judge be assigned.

¶ 5 Such decisions by our court give the appearance that the trial judge cannot be fair and impartial and may result in recusal motions being filed against that judge in unrelated cases. For example, once we suggest a trial judge cannot be impartial in one case, a lawyer may seek recusal of the trial judge in another matter with similar circumstances.

¶ 6 In any event, when there is nothing in the record to suggest partiality, bias or prejudice, our court should not seek to have a different trial judge handle the matter. To do otherwise interferes with the administration of justice in Pennsylvania trial courts.

¶ 7 Thus, I specifically dissent from this portion of the Majority Opinion.

DISSENTING STATEMENT BY
LALLY–GREEN, J.:

¶ 1 The Majority holds that "H & R Block waived its challenge to the class certification by failing to challenge the Order granting certification during its cross-appeal." Majority Opinion at 790. I respectfully disagree and, therefore, dissent.

¶ 2 As the Majority clearly explains in its procedural history, this is a class action case where the trial court initially granted summary judgment to H & R Block on all issues. Basile appealed. H & R Block filed a protective cross-appeal, but did not include within that cross-appeal a challenge to the trial court's order certifying the class. After the appeal was decided by this Court, it was addressed by the Supreme Court, and then remanded to this Court.

¶ 3 On remand, this Court reversed the trial court's grant of summary judgment to H & R Block on Basile's claim of breach of fiduciary duty. This Court held that Basile had presented a sufficient *prima facie* case to defeat H & R Block's motion for summary judgment. This Court then remanded for a trial on the fiduciary duty claim. Before a trial on the remand took place, H & R Block filed a motion to decertify the class. The trial court granted this motion. Basile appealed to this Court. This is the appeal before us.

¶ 4 In my view, H & R Block was not "aggrieved" by the original order of the trial court because H & R Block had been granted summary judgment on all issues. Since H & R Block was not an "aggrieved party," it had no right to appeal. *See,* Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party **who is aggrieved** by an appealable order... may appeal therefrom.") (Emphasis added). Rule of Appellate Procedure

511, regarding cross-appeals, does **not** provide that un-aggrieved appellees may file cross-appeals as a matter of course. To the contrary, the Official Note to Rule 511 specifically provides: "An appellee should not be required to file a cross-appeal because the Court below ruled against it on an issue, so long as the judgment granted appellee the relief it sought."

¶ 5 While H & R Block did file a protective cross-appeal, such an appeal was not necessary to preserve issues it may wish to argue, should the case be reversed on appeal. *See, Hosp. & Healthsystem Ass'n of Pa. v. Dep't of Pub. Welfare,* 888 A.2d 601, 607 n. 11, *citing,* Pa.R.A.P. 511, Official Note.

¶ 6 If H & R Block, as the winning party, was not required under the appellate rules to file a cross-appeal, then I respectfully disagree that "H & R Block waived its challenge to the class certification by failing to challenge the Order granting certification during its cross-appeal." Majority Opinion at 790. I respectfully suggest that, under our current Rules of Appellate Procedure, since H & R Block was not an "aggrieved party," it cannot be faulted for failing to raise issues in a "protective cross-appeal" that it was not required to file.[3]

¶ 7 Finally, my review of the relevant class action rules and case law fails to yield a time frame for filing a decertification motion, prior to a trial on the merits. "[O]ur class action rules contain no ex-

---

**3.** Moreover, I respectfully suggest that the Majority's reliance on *Bird Hill Farms, Inc. v. United States Cargo & Courier Serv., Inc.,* 845 A.2d 900, 903 (Pa.Super.2004), is somewhat unclear. *Bird Hill Farms* stands for the proposition that once a final order has been entered, all earlier interlocutory orders are subject to review. Thus, as in *Bird Hill Farms,* if a plaintiff sues defendant A and defendant B, and the court grants summary judgment only to defendant A, that order is interlocutory

because the case is still pending against defendant B. After the court grants summary judgment to defendant B, then the plaintiff can file an appeal at that time challenging **both** summary judgment orders. *Id.*

*Bird Hill Farms* focused on the timing of an appeal by an aggrieved party from more than one summary judgment order. Here, H & R Block was not an aggrieved party. Thus, I fail, respectfully, to see how *Bird Hill Farms* is helpful in the analysis of the case before us.

press time limit for decertifying a class so long as decertification takes place before reaching the merits. *See,* Pa. R.C.P. 1710(d)." *Debbs v. Chrysler Corp.,* 810 A.2d 137, 162 (Pa.Super.2002), *appeal denied,* 574 Pa. 744, 829 A.2d 311 (2003). In the instant case, this Court reversed the trial court's grant of summary judgment on the breach of fiduciary duty claim. On remand, the trial court was prepared to hold a trial on this claim. At that point, H & R Block filed its decertification motion. On remand, the trial court had not yet "reached the merits" of the controversy. Thus, I would conclude that the court did not err by entertaining H & R Block's motion. Because the Majority holds to the contrary, I am compelled to respectfully dissent.