**Sandra BASILE, on behalf of herself and all others similarly situated, Appellant**

v.

**H & R BLOCK, INC. and H & R Block Eastern Tax Services, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 1, 2009.
Filed Oct. 7, 2010.

Steven E. Angstreich, Philadelphia, for appellant.

William H. Lamb, West Chester, for appellees.

BEFORE: DONOHUE, ALLEN and FITZGERALD *, JJ.

* Former Justice specially assigned to the Superior Court.

OPINION BY DONOHUE, J.:

Appellants, Sandra Basile ("Basile"), on her own behalf and as the class representative for a class of Pennsylvania residents [1] who applied for and received a "Rapid Refund" during the years 1990 through 1993 while having their taxes prepared by Appellees H & R Block, Inc. and H & R. Block Eastern Tax Services, Inc. (collectively, "Block"), appeals from the trial court's order entered January 21, 2004 decertifying the class previously certified on May 30, 1997. For the reasons set forth herein, we reverse and remand.

This case has a long and somewhat tortured procedural history. In its most recent opinion, decided June 22, 2009, our Supreme Court aptly summarized said procedural background as follows:

> On April 23, 1993, [Basile] filed a lawsuit against Block, alleging that, among other things, Block breached its fiduciary duty in connection with its "Rapid Refund" program. The Rapid Refund program allowed individuals to receive their income tax refund within days after electronically filing their income tax return by receiving a short-term loan from Mellon Bank. Basile alleged that Block thus deceived customers because the customers did not know they were receiving a short-term loan from Mellon Bank and the fees imposed by Block were actually extremely high interest rates on the short-term loan. Basile specifically alleged that she believed she received an expedited refund because she electronically filed the return and was not aware it was actually a short-term loan.

> Basile sought certification of a class of individuals with similar claims. On January 17, 1996, the trial court entered an

order that, for purposes of determining the class certification request, it would presume that Block was an agent of any person for whom it prepared a tax return. On May 30, 1997, the trial court, by relying on the January 17, 1996 presumption order, granted class certification on the issue of breach of fiduciary duty only. Block did not seek to file an immediate interlocutory appeal at this time. Instead, Block and the newly certified class [Plaintiff Class] filed cross motions for summary judgment. On December 31, 1997, the trial court granted Block's motion for summary judgment and denied [Plaintiff Class'] motion for summary judgment. The trial court held that Block did not have an agency or confidential relationship with [Plaintiff Class] and, therefore, there was no breach of fiduciary duty.

> [Plaintiff Class] filed an appeal, claiming the trial court should have granted their motion for summary judgment because Block owed them a fiduciary duty based on an agency and/or confidential relationship. On February 13, 1998, Block filed cross-appeals, challenging the trial court's January 17, 1996 presumption order and the May 30, 1997 class certification order.

> On appeal, the Superior Court held Block's cross-appeal challenge to the January 17, 1996 presumption order was waived for failure to preserve its objection to this presumption order in the trial court. *Basile v. H & R Block, Inc.,* 729 A.2d 574, 587 (Pa.Super.1999) ["*Basile I* "]. The Superior Court also held that an agency relationship existed between Block and [Plaintiff Class]. *Id.* The Superior Court did not discuss

1. Herein, Basile and the plaintiff class shall be referred to collectively as the "Plaintiff Class."

whether a confidential relationship existed. *Id.* Based on the existence of an agency relationship, the Superior Court reversed the grant of summary judgment and remanded the case to the trial court. *Id.* at 588.

Block filed a petition for allowance of appeal to this Court, seeking to challenge the Superior Court's determination that an agency relationship existed. This Court granted review and held that the Superior Court erred in holding that an agency relationship existed. This Court remanded the case to the Superior Court to address whether a confidential relationship existed. *Basile v. H & R Block, Inc.*, 563 Pa. 359, 761 A.2d 1115 (2000) [*"Basile II "*]. On remand, the Superior Court held that the record established a prima facie case that a confidential relationship existed between Block and [Plaintiff Class], and remanded the case back to the trial court. *Basile v. H & R Block, Inc.*, 777 A.2d 95 (Pa.Super.2001) [*"Basile III "*]. In the trial court, Block filed a motion for decertification of the class, which was granted on December 20, 2003. The trial court ruled that individualized evidence was necessary to prove breach of a fiduciary duty based on a confidential relationship and, therefore, the case could not be tried as a class action.

[Plaintiff Class] filed an appeal from the decertification order and on March 1, 2006, an en banc panel of the Superior Court reversed the decertification. *Basile v. H & R Block, Inc.*, 894 A.2d 786 (Pa.Super.2006) [*"Basile IV "*]. The Superior Court held that Block had waived its right to challenge the class certification because it did not do so during the first appeal to the Superior Court in 1998. *Id.* at 790. Block again filed a petition for allowance of appeal to this Court. On September 26, 2006, by *per curiam* order, this Court granted allowance of appeal, vacated the Superior Court's order, and remanded the case to the Superior Court with specific instructions to address Pennsylvania Rules of Appellate Procedure 501 and 511, and related case law.

On remand, the *en banc* Superior Court again did not reach the merits of the trial court's decision regarding class certification but instead held only that Block had waived its challenge to class certification. *Basile v. H & R Block, Inc.*, 926 A.2d 493, 500 (Pa.Super.2007) [*"Basile V "*]. This Court granted allowance of appeal on March 25, 2008 to determine whether the Superior Court misapplied the aggrieved party doctrine by requiring Block to appeal from an earlier class certification order even though summary judgment was entered in Block's favor.

*Basile v. H & R Block, Inc.*, 601 Pa. 392, 395–98, 973 A.2d 417, 419–21 (2009) [*"Basile VI "*] (footnotes omitted).

In *Basile VI*, our Supreme Court reversed this Court's decision in *Basile V*, concluding that Block had not waived its right to seek decertification of the class by its post-certification conduct. *Id.* at 401, 973 A.2d at 423. The Supreme Court remanded the case back to this Court for consideration of the merits of the trial court's decision to decertify the class. *Id.*

We begin our review of the merits of the trial court's order decertifying the class by examining our prior decision in *Basile III*. In *Basile III*, we reversed the trial court's grant of summary judgment in favor of Block, concluding that the evidence presented, when viewed in the light most favorable to the Plaintiff Class, was sufficient to establish the elements of a confidential relationship between the parties in this case. *Basile III*, 777 A.2d 95, 107 (Pa.Super.2001). In reaching this con-

clusion, we began by setting forth the relevant law with respect to the formation of confidential relationships:

> Our Supreme Court has acknowledged that "[t]he concept of a confidential relationship cannot be reduced to a catalogue of specific circumstances, invariably falling to the left or right of a definitional line." *In re Estate of Scott*, 455 Pa. 429, 316 A.2d 883, 885 (1974). The Court has recognized, nonetheless, that "[t]he essence of such a relationship is trust and reliance on one side, and a corresponding opportunity to abuse that trust for personal gain on the other." *Id.* Accordingly, "[a confidential relationship] appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, *or*, on the other, weakness, dependence or trust, justifiably reposed[.]" *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412, 416–17 (1981) (emphasis added). The Supreme Court's use in *Frowen* of the disjunctive "or" to separate the cognizable characteristics of confidential relation is critical. Contrary to the trial court's determination in this case, our law does not require both "over[mastering] influence **and**, . . . weakness, dependence or trust." *See* Memorandum Opinion and Order (Trial Court Opinion), 12/31/01, at 6 (emphasis added). Indeed, both elements need not appear together as "in both an unfair advantage is possible." *Frowen*, 425 A.2d at 417. If parties are engaged in a confidential relationship the apparent disparity in their positions serves as the foundation for the law's expectation of conduct between the parties and the concomitant obligations of the superior party.

> "[T]he party in whom the trust and confidence are reposed must act with scrupulous fairness and good faith in his dealings with the other and refrain from using his position to the other's detriment and his own advantage." *Young v. Kaye*, 443 Pa. 335, 279 A.2d 759, 763 (1971). As a consequence of the superior party's heightened state of duty "normal arm's length bargaining is not assumed." *Frowen*, 425 A.2d at 416. "This is so because the presence of a confidential relationship negates the assumption that each party is acting in his own best interest." *Id.*

*Id.* at 101.[2]

We then reviewed the evidence presented by the Plaintiff Class in support of certification and concluded that this evidence was sufficient on summary judgment "to establish, *prima facie*, the elements of a confidential relationship between the parties in this case." *Id.* at 107. We did not rule that the relationship between a tax preparer and the client is confidential *per se*, but rather only that *if* the jury finds the evidence summarized above to be truthful, then a confidential relationship between Block and the Plaintiff Class will have been established and Block will be bound by a fiduciary duty to the Plaintiff Class as a matter of law. *Id.*

■ Upon remand to the trial court, Block filed a motion to decertify the Plaintiff Class. The trial court granted the motion to decertify, ruling that our decision in *Basile III* was not determinative of class certification issues. Specifically, the trial court indicated that the question to be answered regarding class certification in this case is as follows: "did Block give

---

**2.** The parties to this appeal do not contend that the law in this area has changed since the time of publication of *Basile III*.

advice that the class members 'by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both invest such a level of trust that they seek no other counsel." Trial Court Opinion, 3/26/04, at 8. In answering this question, the trial court determined that "it will be necessary to consider the evidence of the unique qualities of each class member since the fact finder must determine whether each place his or her complete trust in [Block's] expertise." *Id.* While the evidence with respect to Basile suggests that a confidential relationship existed between Block and herself, "it cannot be true as to the entire class without making the relationship of a H & R Block, Inc., to the class confidential *per se.*" *Id.* Accordingly, the trial court ruled that "proof of a confidential relationship requires consideration of the disparity between the respective parties, and whether the inferior party places primary trust in the other's counsel." [3] *Id.* at 9.

 Class certification is a mixed question of law and fact. *Liss & Marion, P.C. v. Recordex Acquisition Corp.,* 603 Pa. 198, 216, 983 A.2d 652, 663 (2009); *Aronson v. GreenMountain.com,* 809 A.2d

399, 402 (Pa.Super.2002). A trial court's order regarding class certification will not be disturbed on appeal unless the court erred as a matter of law by neglecting the requirements in Rules 1702 through 1708 of the Pennsylvania Rules of Civil Procedure, or abused its discretion in applying them. *Liss & Marion,* 603 Pa. at 216, 983 A.2d at 663; *Kelly v. County of Allegheny,* 519 Pa. 213, 218, 546 A.2d 608, 610 (1988). Although the burden of proof in a class certification proceeding is on the party seeking certification, this burden is not a heavy one. *Janicik v. Prudential Ins. Co.,* 305 Pa.Super. 120, 451 A.2d 451, 455 (1982). "It is the strong and oft-repeated policy of this Commonwealth that, in applying the rules for class certification, decisions should be made liberally and in favor of maintaining a class action." *See, e.g., Debbs v. Chrysler Corp.,* 810 A.2d 137, 153 (Pa.Super.2002).

In this case, the trial court decided that the Plaintiff Class failed to prove the commonality and predominance requirements under Rules 1702 and 1708.[4] The commonality requirement for class certification under Rule 1702(2)[5] requires the trial

---

3. The Plaintiff Class contends that this ruling constitutes an attempt by the trial court to "overrule" this Court's decision in *Basile III* because "reliance is not a necessary element to establish a confidential relationship." Appellant's Brief at 24. We disagree. In *Basile III,* we concluded that "[s]o long as the requisite disparity is established between the parties positions in the relationship, *and the inferior party places primary trust in the other's counsel,* a confidential relationship may be established." *Basile III,* 777 A.2d at 103 (emphasis added).

4. Based exclusively on its decision that the Plaintiff Class failed to satisfy the commonality requirement, it ruled that the Plaintiff Class likewise failed to satisfy the typicality requirement under Rule 1702(3). Trial Court Opinion, 3/26/04, at 12 ("As it is usually true when the Court finds no commonality, typicality is

also absent. Since it is apparent from the Court's findings that other members of the class will have unique facts, they will not be sufficiently aligned with that of the class representative.").

5. **Rule 1702. Prerequisites to a Class Action**
One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

court to determine whether the claims in a viable class action present "questions of law or fact common to the class." Pa. R.C.P. 1702(2). The commonality requirement is usually analyzed in conjunction with Rule 1702(5), which provides that the class action method of adjudication must be "fair and efficient" in the case at issue. Pa.R.C.P. 1702(5). These two elements for class certification are in turn closely related to the "predominance" requirement under Rule 1708(a)(1),[6] which obligates the trial court to consider whether common questions of law or fact predominate over any question affecting only individual members. Pa.R.C.P. 1708(a)(1); *Weismer by Weismer v. Beech–Nut Nutrition Corp.*, 419 Pa.Super. 403, 615 A.2d 428, 431 (1992). As our Supreme Court recently reiterated, "[t]he class action method of adjudication is fair and efficient if the 'common questions of law or fact *predominate* over any question affecting only individual members.'" *Liss & Marion*, 603

Pa. at 216, 983 A.2d at 663 (emphasis in original) (quoting Pa.R.C.P. 1708(a)(1)).

In this case, the trial court decertified the Plaintiff Class because Basile failed to satisfy the commonality and predominance requirements: "[T]his Court finds that it will be necessary to consider the unique qualities of each class member, so that a fact finder can determine whether he or she placed his or her trust in Block." Trial Court Opinion, 3/26/04, at 11. If this case presented a situation in which Basile merely plead and presented evidence that *she* occupied an inferior position vis-à-vis Block and placed her complete trust in its counsel, and then *speculated* that the other members of the class were likewise similarly situated, we would agree with the trial court's rationale for decertification. *Klemow v. Time Inc.*, 466 Pa. 189, 197 n. 17, 352 A.2d 12, 16 n. 17 (1976) ("[A] showing that the plaintiff acted in reliance on the defendant's misrepresentations ...

---

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702.

**6. Rule 1708. Criteria for Certification. Determination of Class Action as Fair and Efficient Method of Adjudication**

In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).

(1) whether common questions of law or fact predominate over any question affecting only individual members;

(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

Pa.R.C.P. 1708(a).

would normally vary from person to person"). In such a situation, there would be no sufficient basis upon which to conclude that proof of Basile's trust in Block would be proof with respect to the other members of the class. *See Baldassari v. Suburban Cable TV Co.,* 808 A.2d 184, 191 (Pa.Super.2002) (requirement of common issues of fact "means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all.").

As our opinion in *Basile III* made abundantly clear, however, no such situation is presented in this case. In *Basile III*, this Court discussed in considerable detail the evidence introduced in support of class certification, including the following:

- Deposition testimony from a Block executive, demonstrating that Block "actively sought customer trust in H & R Block as a corporate entity and in all of the services Block offered." *Id.* at 103–04.

- Documentary evidence that Block "cultivated customer trust through an extended and extensive media ad campaign, the focal point of which was Block's expertise in tax matters and the trustworthy character of Block's services." *Id.* at 104. These ads touted Block's expertise ("Income taxes are all we do") and encouraged dependence on its services ("We're here when you need us"). *Id.* Block's print brochures even invited customers to consult them on non-tax matters ("We want you to contact us if you have any questions about your tax return, next year's taxes *or for any reason at all.*"). *Id.*

- Internal Block marketing data suggesting that many of Block's customers "entered their relationships with Block in a position of pronounced economic and intellectual weakness." *Id.*

This data reflected that a "significant segment" of Block's customers had relatively low annual incomes, were unemployed or employed in service occupations, possessed less than a high school education, and were in economic straits and needed Block's services to obtain cash as soon as possible. *Id.* at 104–05.

- Further internal marketing data demonstrating that Block's customers "were confused by the Rapid Refund service and that Block was aware of their confusion." *Id.* at 105. Despite this knowledge of customer confusion, Block instructed its tax preparers to provide only minimal information about the Rapid Refund program. *Id.* at 105–06.

This evidence, if determined by the finder of fact to be truthful and persuasive, would establish that: (1) the members of the Plaintiff Class did not, as a matter of fact, deal with Block on equal terms as a result of their limited educational backgrounds and their immediate financial need for quick refunds; (2) the class members did, as a matter of fact, repose a high level of trust in Block; and (3) the class members did not, as a matter of fact, have any detailed understanding of the nature of the Rapid Refund program as a short term bank loan. At trial, Basile intends to prove the existence of a confidential relationship between the class members and Block through the introduction of Block's own internal documents. If the finder of fact decides that these documents are truthful and persuasive, then it will not be necessary for the finder of fact to "consider the unique qualities of each class member" in order to establish a confidential relationship with Block—as these documents reflect that Block *knew* that the Plaintiff Class "sought Block's assistance from a position of pronounced intellectual

and economic weakness." *Basile III*, 777 A.2d at 106.

Moreover, these same Block documents, if believed, similarly establish that Block not only encouraged the members of the Plaintiff Class to trust in their expertise, but also that these efforts were in fact successful. As we concluded in *Basile III*, Block's internal documents strongly suggests that the members of the Plaintiff Class responded to Block's advertising campaign "by placing their trust in Block, both to prepare their tax returns and to secure their tax refunds." *Id.* With respect to the Rapid Refund service in particular, the members of the Plaintiff Class displayed their complete trust in Block by utilizing the service even though Block's marketing data reflected that its customers had no significant understanding of its precise nature and would not have participated in it if they had known it involved a bank loan. *Id.* at 105.

In sum, as we concluded in *Basile III*, the evidence presented in support of class certification, if believed by the finder of fact, establishes that Block's own efforts to cause its customers to trust in its expertise were in fact largely successful. *See Liss & Marion*, 603 Pa. at 218, 983 A.2d at 664 ("common questions generally exist if the class member's legal grievances arise out of the same practice or course of conduct on the part of the class opponent") (quoting *Janicik v. Prudential Ins. Co.*, 305 Pa.Super. 120, 451 A.2d 451, 457 (1982)). The trial court erred in finding that common issues of fact do not predominate over any questions affecting only individual class members, as a principle issue at trial will include whether "Block occupied a position of substantial strength which, in relation to the pronounced intellectual and economic weakness of the [Plaintiff Class], presented Block with the opportunity to abuse the [Plaintiff Class'] trust for its

own gain." *Basile III*, 777 A.2d at 106. As is now clear, Basile intends to attempt to meet her burden of proof in this regard on a class-wide basis through common proof as to all class members, namely the presentation of a significant quantum of evidence, in the form of Block's own internal documents, establishing the relative positions of the parties and the repose of complete trust in Block by the members of the class.

Accordingly, the order of the trial court dated January 21, 2004 is reversed, and the matter is remanded to that court for proceedings not inconsistent with this opinion. If, upon remand and at trial, Basile demonstrates the existence of a confidential relationship between the members of the Plaintiff Class and Block, then the reliance inherent in a finding of fiduciary duty will be presumed for purposes of the fiduciary claim of the Plaintiff Class under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201–2 *et seq.* Jurisdiction relinquished.